IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC<br><br>   Plaintiff,<br><br> v.<br><br>JETBLUE AIRWAYS CORPORATION,<br><br>   Defendant. | Civil Action No. 2:15-cv-01177 |

**DEFENDANT JETBLUE AIRWAYS CORPORATION'S ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff JetBlue Airways Corporation ("JetBlue"), by and through counsel, hereby respond to the Complaint filed by Symbology Innovations, LLC ("Plaintiff" or "Symbology") on June 30, 2015, as follows:

**PARTIES AND JURISDICTION**

1. JetBlue admits that the Complaint purports to arise under Title 35 of the United States Code and that Plaintiff has asserted entitlement to injunctive relief as well as damages. JetBlue denies the remaining allegations in Paragraph 1.

2. JetBlue admits that the Complaint purports to set forth a claim for patent infringement and that this Court has subject matter jurisdiction over claims arising under 28 U.S.C. §§ 1131 and 1338(a).

3. JetBlue lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3, and on that basis, denies those allegations.

4. JetBlue admits that it is a corporation organized and existing under the laws of Delaware with a principal place of business at 27-01 Queens Plaza North, Long Island City, New

York 11101. JetBlue also admits that it has designated National Registered Agents, Inc., 160 Greentree Dr., Ste. 101, Dover, Delaware 19904 as its agent for service of process.

5. JetBlue admits that this Court has personal jurisdiction over it for purposes of this action. JetBlue denies that it has committed any act of infringement of the Patents-in-Suit within this judicial district, or elsewhere. Except as expressly admitted herein and to the extent a response is required, JetBlue denies each and every remaining allegation contained in Paragraph 5.

6. JetBlue denies the allegations in paragraph 6.

## VENUE

7. JetBlue admits that venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1400(b) but denies that venue is convenient in the Eastern District of Texas and that there is no clearly more convenient forum. Except as expressly admitted, JetBlue denies the remaining allegations in Paragraph 7.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,424,752)

8. JetBlue incorporates by reference its answers to the allegations set forth in Paragraphs 1-7.

9. JetBlue admits that the Complaint purports to set forth a complaint for patent infringement. JetBlue denies the remaining allegations in Paragraph 9.

10. JetBlue lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10, and on that basis, denies those allegations.

11. JetBlue admits that a document purporting to be a copy of U.S. Patent No. 8,424,752 ("the '752 Patent") is attached to the Complaint as Exhibit A and that the first page of the copy indicates that the patent is titled "System and Method for Presenting Information About

An Object On A Portable Electronic Device."

12.   JetBlue denies the allegations in Paragraph 12.

13.   JetBlue denies the allegations in Paragraph 13.

14.   JetBlue admits that it uses/or has used codes in connection with its marketing materials that may be used by users to receive additional information. JetBlue denies the remaining allegations in Paragraph 14.

15.   JetBlue denies the allegations in Paragraph 15.

16.   JetBlue denies the allegations in Paragraph 16.

17.   JetBlue lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and on that basis, denies those allegations.

## COUNT II
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,651,369)

18.   JetBlue incorporates by reference its answers to the allegations set forth in Paragraphs 1-17.

19.   JetBlue admits that the Complaint purports to set forth a complaint for patent infringement. JetBlue denies the remaining allegations in Paragraph 19.

20.   JetBlue lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and on that basis, denies those allegations.

21.   JetBlue admits that a document purporting to be a copy of U.S. Patent No. 8,651,369 ("the '369 Patent") is attached to the Complaint as Exhibit B and that the first page of the copy indicates that the patent is tittles "System and Method for Presenting Information About An Object On A Portable Electronic Device."

22.   JetBlue denies the allegations in Paragraph 22.

23.   JetBlue denies the allegations in Paragraph 23.

24. JetBlue admits that it uses codes in connection with its marketing materials that may be used by users to receive additional information. JetBlue denies the remaining allegations in Paragraph 24.

25. JetBlue denies the allegations in Paragraph 25.

26. JetBlue denies the allegations in Paragraph 26.

27. JetBlue lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and on that basis, denies those allegations.

## COUNT III
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,936,190)

28. JetBlue incorporates by reference its answers to the allegations set forth in Paragraphs 1-27.

29. JetBlue admits that the Complaint purports to set forth a complaint for patent infringement. JetBlue denies the remaining allegations in Paragraph 29.

30. JetBlue lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and on that basis, denies those allegations.

31. JetBlue admits that a document purporting to be a copy of U.S. Patent No. 8,936,190 ("the '190 Patent") is attached to the Complaint as Exhibit C and that the first page of the copy indicates that the patent is tittles "System and Method for Presenting Information About An Object On A Portable Electronic Device."

32. JetBlue denies the allegations in Paragraph 32.

33. JetBlue denies the allegations in Paragraph 33.

34. JetBlue admits that it uses codes in connection with its marketing materials that may be used by users to receive additional information. JetBlue denies the remaining allegations in Paragraph 34.

35. JetBlue denies the allegations in Paragraph 35.

36. JetBlue denies the allegations in Paragraph 36.

37. JetBlue lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and on that basis, denies those allegations.

38. JetBlue denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below.

## PRAYER FOR RELIEF

39. JetBlue denies that Plaintiff is entitled to any relief whatsoever, either as prayed for in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

JetBlue asserts the following defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff to the allegations in the Complaint. JetBlue reserves the right to amend its answer to include additional affirmative defenses, including, but not limited to, allegations of inequitable conduct, as this matter progresses.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff is not entitled to any relief against JetBlue because JetBlue does not infringe and has not infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '752 Patent, '369 Patent, or '190 Patent (collectively "patents-in-suit"), either literally or under the doctrine of equivalents, willfully or otherwise.

## THIRD DEFENSE

Each asserted claim of the patents-in-suit is invalid for failing to meet one or more of the conditions for patentability under Title 35 of the United States Code, including without limitation

§§ 101, 102, 103, and 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

### FOURTH DEFENSE

To the extent that Plaintiff and alleged predecessors in interest to the patents-in-suit failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that JetBlue's actions allegedly infringed the patents-in-suit, JetBlue is not liable to plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the patents-in-suit.

### FIFTH DEFENSE

To the extent that plaintiff asserts that JetBlue indirectly infringes, either by contributory infringement or inducement of infringement, JetBlue is not liable to Plaintiff for the acts alleged to have been performed before JetBlue knew that its actions would cause indirect infringement.

### SIXTH DEFENSE

Plaintiff's attempted enforcement of the patents-in-suit against JetBlue is barred by laches and/or estoppel.

### SEVENTH DEFENSE

The claims of the patents-in-suit are not entitled to a scope sufficient to encompass any system employed or process practiced by JetBlue.

### EIGHTH DEFENSE

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any alleged injury.

### NINTH DEFENSE

Plaintiff's claims for damages, if any, against JetBlue are statutorily limited by 35 U.S.C. § 286 and § 287.

**TENTH DEFENSE**

Plaintiff's claims against JetBlue are barred under Defendants' express or implied license to any valid claim of the patents-in-suit, and/or under the doctrines of patent exhaustion and first sale, to the extent that Plaintiff seeks royalties or damages for any activity that is, or will be, licensed to persons or companies that supply accused services, devices or their infrastructure to JetBlue.

**ELEVENTH DEFENSE**

To the extent that Plaintiff, its alleged predecessors in interest to the patents-in-suit, and their respective licensees, failed to properly mark any of the relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that JetBlue's actions allegedly infringed the patents-in-suit, JetBlue is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the patents-in-suit.

**TWELFTH DEFENSE**

Plaintiff is estopped by virtue of statements, representations, and/or admissions made during the prosecution of the patents-in-suit from asserting infringement against JetBlue.

**THIRTEENTH DEFENSE**

Plaintiff is estopped from asserting a construction of any claim of the patents-in-suit in any manner inconsistent with prior positions taken before the United States Patent and Trademark Office or any court.

**FOURTEENTH DEFENSE**

The patents-in-suit are unenforceable because Plaintiff has unclean hands and/or has misused the patents-in-suit by attempting to enforce them despite knowing that they are invalid and/or not infringed by methods or systems manufactured, used, imported, sold or offered for sale by JetBlue.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of prosecution history estoppel and/or file-wrapper estoppel.

## COUNTERCLAIMS

Counterclaimant JetBlue Airways Corporation ("JetBlue") allege its Counterclaims for Declaratory Relief against Symbology Innovations, LLC ("Plaintiff" or "Symbology"), as follows:

## PARTIES

1. Counterclaim Plaintiff JetBlue is a corporation organized under the laws of Delaware with a principal place of business in Long Island City, New York.

2. Upon information and belief, Counterclaim Defendant Symbology is a Texas limited liability company with its principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

3. These Counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

4. This Court has personal jurisdiction over Symbology because Symbology has voluntarily appeared and consented to the jurisdiction of this Court by filing its claim for patent infringement in this judicial district.

5. To the extent venue is proper in the underlying action, venue is proper for this Counterclaim under 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(b).

6. In its Complaint, Symbology alleges that JetBlue infringes the patents-in-suit. JetBlue denies this assertion and requests a judicial declaration that: (i) it does not infringe any

valid, enforceable claim of the patents-in-suit; and (ii) the patents-in-suit are invalid. Therefore, pursuant to 28 U.S.C. §2201(a), an actual and justiciable controversy has arisen and exists between JetBlue and Symbology concerning the alleged infringement and validity of the patents-in-suit.

7. JetBlue is entitled to a judicial determination and declaration that it has not infringed and is not infringing the patents-in-suit, and that the patents-in-suit are invalid.

## FIRST COUNTERCLAIM

(Declaration of Non-Infringement of U.S. Patent No. 8,424,752)

8. On or about June 30, 2015, Symbology filed its complaint for patent infringement asserting that JetBlue infringes the '752 Patent.

9. JetBlue has not infringed, directly or jointly, has not contributed to infringement by others of, and has not induced infringement by others of any valid and enforceable claim of the '752 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

10. Pursuant to 28 U.S.C. §2201(a), and as a result of Symbology's allegations against JetBlue, an actual and justiciable controversy has arisen and exists between JetBlue and Symbology regarding Symbology's allegations of infringement of the '752 Patent.

11. JetBlue is entitled to a judicial determination and declaration that it has not infringed and is not infringing the '752 Patent.

## SECOND COUNTERCLAIM

(Declaration of Non-Infringement of U.S. Patent No. 8,651,369)

12. On or about June 30, 2015, Symbology filed its complaint for patent infringement asserting that JetBlue infringes the '369 Patent.

13. JetBlue has not infringed, directly or jointly, has not contributed to infringement by others of, and has not induced infringement by others of any valid and enforceable claim of the '752 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

14. Pursuant to 28 U.S.C. §2201(a), and as a result of Symbology's allegations against JetBlue, an actual and justiciable controversy has arisen and exists between JetBlue and Symbology regarding Symbology's allegations of infringement of the '369 Patent.

15. JetBlue is entitled to a judicial determination and declaration that it has not infringed and is not infringing the '369 Patent.

### THIRD COUNTERCLAIM

(Declaration of Non-Infringement of U.S. Patent No. 8,936,190)

16. On or about June 30, 2015, Symbology filed its complaint for patent infringement asserting that JetBlue infringes the '190 Patent.

17. JetBlue has not infringed, directly or jointly, has not contributed to infringement by others of, and has not induced infringement by others of any valid and enforceable claim of the '190 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

18. Pursuant to 28 U.S.C. §2201(a), and as a result of Symbology's allegations against JetBlue, an actual and justiciable controversy has arisen and exists between JetBlue and Symbology regarding Symbology's allegations of infringement of the '190 Patent.

19. JetBlue is entitled to a judicial determination and declaration that it has not infringed and is not infringing the '190 Patent.

## FOURTH COUNTERCLAIM

(Declaration of Invalidity of U.S. Patent No. 8,424,752)

20. The '752 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103 and/or 112.

21. Pursuant to 28 U.S.C. §2201(a), and as a result of Symbology's allegations against JetBlue, an actual and justiciable controversy has arisen and exists between JetBlue and Symbology regarding Symbology's allegations of infringement of the '752 Patent.

22. JetBlue is entitled to a judicial determination and declaration that the '752 Patent is invalid.

## FIFTH COUNTERCLAIM

(Declaration of Invalidity of U.S. Patent No. 8,651,369)

23. The '369 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103 and/or 112.

24. Pursuant to 28 U.S.C. §2201(a), and as a result of Symbology's allegations against JetBlue, an actual and justiciable controversy has arisen and exists between JetBlue and Symbology regarding Symbology's allegations of infringement of the '369 Patent.

25. JetBlue is entitled to a judicial determination and declaration that the '369 Patent is invalid.

## SIXTH COUNTERCLAIM

(Declaration of Invalidity of U.S. Patent No. 8,936,190)

26. The '190 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103 and/or 112.

27. Pursuant to 28 U.S.C. §2201(a), and as a result of Symbology's allegations against JetBlue, an actual and justiciable controversy has arisen and exists between JetBlue and Symbology regarding Symbology's allegations of infringement of the '190 Patent.

28. JetBlue is entitled to a judicial determination and declaration that the '190 Patent is invalid.

## JURY DEMAND

29. Pursuant to Federal Rules of Civil Procedure 38, JetBlue hereby respectfully requests a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, JetBlue respectfully prays for relief as follows:

A. Enter judgment in favor of JetBlue on all counts and counterclaims;

B. Adjudge, declare, and decree that JetBlue has not infringed, directly or jointly, has not contributed to infringement by others, and has not induced infringement by others of any valid and enforceable claim of the '752 Patent, either literally or under the doctrine of equivalents, willfully or otherwise;

C. Adjudge, declare, and decree that JetBlue has not infringed, directly or jointly, has not contributed to infringement by others, and has not induced infringement by others of any valid and enforceable claim of the '369 Patent, either literally or under the doctrine of equivalents, willfully or otherwise;

D. Adjudge, declare, and decree that JetBlue has not infringed, directly or jointly, has not contributed to infringement by others, and has not induced infringement by others of any valid and enforceable claim of the '190 Patent, either literally or under the doctrine of equivalents, willfully or otherwise;

E. Adjudge, declare, and decree that the claims of the '752 Patent are invalid;

F. Adjudge, declare, and decree that the claims of the '369 Patent are invalid;

G. Adjudge, declare, and decree that the claims of the '190 Patent are invalid;

H. Dismiss Symbology's Complaint with prejudice and order that Symbology take nothing from JetBlue;

I. Award all costs of this case to JetBlue;

J. Declare this case exceptional under 35 U.S.C. § 285 (or otherwise) and award JetBlue its reasonable attorneys' fees, expenses, and costs incurred in this action, along with prejudgment interest; and

K. Award JetBlue such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  October 8, 2015 | By: */s/ Stephen E. Baskin*<br>     Stephen E. Baskin<br>     Virginia Bar No. 47567<br>     sbaskin@mayerbrown.com<br>     Saqib J. Siddiqui<br>     Washington, DC Bar No. 999189<br>     ssiddiqui@mayerbrown.com<br>     MAYER BROWN LLP<br>     1999 K Street, N.W.<br>     Washington, D.C. 20006-1101<br>     Telephone: (202) 263-3000<br>     Facsimile: (202) 263-3300<br>     *Attorneys for Defendant/Counterclaim Plaintiff*<br>     *JetBlue Airways Corporation* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2015, a true and correct copy of this document was served in accordance with the Federal Rules of Civil Procedure on all known counsel of record by electronic service *via* the Court's CM/EMF system.

*/s/ Stephen E. Baskin*
Stephen E. Baskin
